CAF/MKH/SM: USAO#2014R00111

11/10/14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 NOV 12 PM 4:34
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | UNDER SEAL |
| | * | |
| v. | * | CRIMINAL NO: ELH-14-0532 |
| | * | |
| FABIAN LORING GRAY, | * | (Conspiracy to Distribute and Possess |
| BENJAMIN ROBERT BROWN, | * | with Intent to Distribute Controlled |
| TONY MAURICE HORNE, SR., | * | Substances, 21 U.S.C. § 846; Forfeiture, |
| ANTOINE CAULEY, | * | 21 U.S.C. §§ 853 and 853(p), 28 U.S.C. § |
| RAYNARD BOSTON, and | * | 2461(c)) |
| STEVEN JERMAINE JONES, | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * *

## INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From at least as early as in or about January 2014, and continuing to in or about November 2014, in the District of Maryland and elsewhere,

**FABIAN LORING GRAY,
ANTOINE CAULEY, and
RAYNARD BOSTON,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

1

## Quantity of Controlled Substances Involved in the Conspiracy

With respect to defendants, **FABIAN LORING GRAY** and **ANTOINE CAULEY**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to each of them is 28 grams or more of a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii).

With respect to defendant, **RAYNARD BOSTON**, the amount involved in the conspiracy attributable the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## COUNT TWO

The Grand Jury for the District of Maryland charges that:

From at least as early as in or about January 2014, and continuing to in or about November 2014, in the District of Maryland and elsewhere,

**FABIAN LORING GRAY,
BENJAMIN ROBERT BROWN,
TONY MAURICE HORNE, SR.,
RAYNARD BOSTON, and
STEVEN JERMAINE JONES,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to defendants, **FABIAN LORING GRAY** and **TONY MAURICE HORNE, SR.**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to each of them is 100 grams or more of a quantity of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B)(i).

With respect to defendant, **BENJAMIN ROBERT BROWN, RAYNARD BOSTON,** and **STEVEN JERMAINE JONES**, the amount involved in the conspiracy attributable the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## COUNT THREE

The Grand Jury for the District of Maryland charges that:

From at least as early as in or about January 2014, and continuing to in or about November 2014, in the District of Maryland and elsewhere,

**FABIAN LORING GRAY,**
**BENJAMIN ROBERT BROWN,**
**TONY MAURICE HORNE, SR., and**
**RAYNARD BOSTON,**

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

<u>Quantity of Controlled Substances Involved in the Conspiracy</u>

With respect to defendants, **FABIAN LORING GRAY**, and **BENJAMIN ROBERT BROWN**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is 500 grams or more of a quantity of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(ii).

With respect to defendants, **TONY MAURICE HORNE, SR.** and **RAYNARD BOSTON**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each of them is a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C).

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Title 18, United States Code, Section 853, upon conviction of an offense in violation of 18 U.S.C. § 846 or § 841(a) as set forth in Counts One, Two, and Three, each defendant shall forfeit to the United States of America:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

    b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The property to be forfeited includes, but is not limited to, the following:

    a. a sum of money equal to the value of the proceeds of any offense for which the defendant is convicted, which sum will be at least $100,000.

3. If the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

18 U.S.C. § 853; 28 U.S.C. § 2461(c); Rule 32.2(a)

                                                                                     *Rod S. Rosenstein* / CAF
                                                                                      ROD J. ROSENSTEIN
                                                                                      United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**    11/12/14
   Foreperson                   Date: