IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | Case No.   ELH 14-0532 |
| vs. | | |
| | * | |
| **TONY HORNE, SR.** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR RELEASE/MOTION FOR
RENEWED DETENTION HEARING**

Tony Horne, Sr., by and through his attorney, Nicholas J. Vitek, respectfully petitions this Honorable Court to order that Mr. Horne be immediately released from detention pursuant to 18 U.S.C. § 3164, or in the alternative, if release does not meet the statutory requirements of that section, to schedule a new detention hearing to fashion release conditions for Mr. Horne.  In support of this motion, Mr. Horne alleges as follows:

1. Mr. Horne was detained on November 14, 2014.  At that date, the United States sought his detention relying on the presumption that because Mr. Horne was charged with a drug trafficking offense he was presumptively a danger to the community and a flight risk.

2. On November 19, 2014, a detention hearing was held in front of the Honorable Judge Gallagher.  In that hearing, Mr. Horne was detained.  Mr. Horne has been continually detained since November 14, 2014.

3. As the date of this motion, Mr. Horne has been detained 101 days.

4. 18 U.S.C. § 3164 states that any person who has been detained requires that their trial or disposition be afforded priority and that such trial shall begin within 90 days of continuous detention.  18 U.S.C. § 3164(b).  More importantly, it states that "[n]o

1

detainee, as defined in subsection (a), shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." 18 U.S.C. § 3164(c).

5. This issue rarely arises because the speedy trial clock found in 18 U.S.C. § 3161 is shorter than the ninety day release provisions found in § 3164, and thus any case that reaches beyond the seventy day period found for felonies in § 3161(c)(1) would trigger before the ninety day period found in § 3164. Here, because the case remains sealed, now for over three months, the speedy trial clock has yet to even run. However, § 3164 runs from the date of **continuous** detention, whereas § 3161 runs from the unsealing of the indictment. As such, the clocks operate separately. Here, the clock for § 3164 has expired, and Mr. Horne must be immediately released.

6. However, even if Mr. Horne is statutorily ineligible for release under 18 U.S.C. § 3164, this Court should still hold a hearing to fashion release conditions for Mr. Horne because there have been a change of circumstances that warrant a new hearing:

   a. During the detention hearing, the government told Judge Gallagher that a confidential informant had purchased drugs from Mr. Horne. However, a review of the modicum of discovery provided by the United States provides no allegation of an undercover sale to Mr. Horne. The affidavits provided show that there were undercover sales to Antione Cauley, Mark Jones, Raynard Boston, an unknown co-conspirator by the name of Showtime, and Fabian Gray. However, there was **no** description of any controlled purchase from Tony Horne, Sr.

b. In addition, the government made much of the fact that they had cooperating informants (CI) who were reliable who had tied Mr. Horne to Mr. Gray's drug trafficking. However, that all four of the confidential informants either had credibility issues or were paid for their information, thereby seriously undermining their reliability. For example, the government did not tell Judge Gallagher that CI#1 had been arrested for making false statements. Nor did the government tell Judge Gallagher that CI#2 had been arrested twice for making false statements. More problematic, the government did not reveal that although CI#2 was utilized for part of the investigation, and was the basis for seeking a wiretap for Mr. Gray's phones, the CI had committed such an egregious act of dishonesty that the government stopped using CI#2 altogether after a controlled buy when his/her "reliability was called into question." The remaining two confidential informants, C1# 3 and #4 are paid informants, a fact not revealed to Judge Gallagher, and neither mention Mr. Horne as being involved with Mr. Gray's drug trafficking.

c. Based on these facts that were unavailable to the defense at Mr. Horne's detention hearing, Mr. Horne requests that if he is ineligible for release under 18 U.S.C. § 3164, he be afforded a new detention hearing so that release conditions can be fashioned for his release.

Respectfully submitted,

_____/s/_____
Nicholas J. Vitek #29062
VITEK LAW LLC
Suite 2700

3

                111 South Calvert Street
                Baltimore, Maryland 21202
                P: (410) 317-8500
                F: (410) 317-8511
                vitek@viteklaw.com