## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                         |   |                        |
|-------------------------|---|------------------------|
|                         | * |                        |
| UNITED STATES OF AMERICA| * | Case No.   ELH 14-0532 |
| vs.                     |   |                        |
|                         | * |                        |
| TONY HORNE, SR.         |   |                        |

**************************

### REPLY MOTION FOR RELEASE

The United States argues in its motion in opposition to releasing Mr. Horne under 18 U.S.C. § 3164 that Mr. Horne is ineligible for release because the time period between November 14, 2014 and February 20, 2015 is excludable under 18 U.S.C. § 3161(h)(6).  The Government is legally incorrect and as explained below, this Court should release Mr. Horne pursuant to 18 U.S.C. § 3164 because more than 90 days have elapsed from his detention and the filing of his motion for release under 18 U.S.C. § 3164.

Section 3161(h)(6) is not applicable to 18 U.S.C. § 3164 because the language of that section clearly evinces Congress's intent that it apply only to the speedy trial clock of 3161, that even if it does apply, Congress has declared that 90 days is not reasonable, and that to apply 3161(h)(6) as the Government argues would make 18 U.S.C. § 3164 a legal nullity since there would be no practicable way for the statute to ever be violated since the speedy trial clock is shorter than the mandatory release clock in 3164.

Although the two sections relate, the purpose of each section is different.  18 U.S.C. § 3161 deals with speedy *trial*. For example, the statute says that for a felony, "the **trial** shall commence within 70 days[.]"  18 U.S.C. § 3161(e).  In contrast, 18 U.S.C. § 3164 deals with the **individual** detention of a defendant.  See 18 U.S.C. § 3164(b) ("the trial of **any person** …shall commence

1

not later than 90 days.")  Stated plainly, these are two, somewhat overlapping, speedy clocks.  One deals with the overall focus of the trial, the other deals with the individual detention of a defendant. Exclusions for both are covered by 18 U.S.C. § 3161(h).

However, it is clear that Congress did not intend for exclusion 3161(h)(6) to apply because to do so would make 18 U.S.C. § 3164 a nullity.  As a basic point, "[w]e are guided by the principle of statutory construction that a statute should be "construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage." Fontenot v. Taser Int'l, Inc., 736 F.3d 318, 327 (4th Cir. 2013) (citation omitted).  Moreover, it is a "cardinal rule" of statutory interpretation that "statutory language must be read in context [because] a phrase gathers meaning from the words around it." Johnson v. Zimmer, 686 F.3d 224, 233 (4th Cir. 2012) (quoting Gen. Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 596 (2004).

Under the theory advocated by the United States, there could never be a violation of 18 U.S.C. § 3164 because there could be no situation where an *individual's* mandatory release clock could be greater than the speedy *trial* clock of 18 U.S.C. § 3161.   Clearly, Congress did not pass 18 U.S.C. § 3164 to be merely window dressing without any real impact.  Rather, the more reasonable view of 3161(h) exclusions are that those exclusions shall apply where it is clear that they are not reserved solely for the application of the speedy trial clock of 18 U.S.C. § 3161(h). This is evident from the statutory language utilized in 3161(h)(6).

18 U.S.C. § 3161 (h)(6) states that time under the speedy trial clock is excluded for:

> "a reasonable period for delay when the defendant is joined for trial
> with a codefendant as to whom the *time for trial* has not run and no
> motion for severance has been granted."

Of the fourteen exclusions under 18 U.S.C. § 3161(h), subsection (h)(6) is the only subsection that Congress specifically tied to the speedy time trial clock of 3161.  Because the 70 day clock will always be less than the 90 day clock of 3164, Congress cannot be presumed to have included this section to act as an exclusion under 3164 because to do so would mean that 18 U.S.C. § 3164 would have no effect as a statute.  <u>Fontenot</u>, 736 F.3d at 327 ("It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage.")  Moreover, Congress specifically declared that this subsection should be viewed in reference to the speedy time trial by referencing "time for trial not run," a phrase that is not found in any other exclusion.  If Congress intended this exclusion to apply, then 18 U.S.C. § 3164 would never have any impact.  However, it is clear that in passing 18 U.S.C. § 3161 Congress intended those sections govern the overall time for trial and 18 U.S.C. § 3164 apply to the release of an individual defendant.  If Congress intended only the time period in 3161 to apply, there would be no reason for 3164.  As a result, it is clear that Congress did not intend subsection (h)(6) to exclusion to apply to 18 U.S.C. § 3164.  This is clear not only from the absurd result that would occur from its application, but also from the fact that Congress specifically tied this section to the speedy trial clock of 3161 and not 3164.

However, even *if* this Court believed that 3161(h)(6) applies as an exclusion, only a period that is "reasonable" shall be excluded.  Here, Congress has specifically stated that any time greater than 90 days is **not** reasonable.  Where "Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court[.]"  <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842 (1984).  Thus, the 101 days of time between Mr. Horne's detention and his filing of his motion for mandatory release is by definition unreasonable.

Moreover, the time period is not reasonable because the government prevented Mr. Horne from curing the accumulation of time under 3161(h)(6). The exclusion only applies where the defendant has not been severed from the codefendant. However, the United States prevented Mr. Horne from filing any severance motion because it sealed the indictment from him. As such, Mr. Horne had no information as to whom the codefendant was or what he was accused to have done. In essence, deprived Mr. Horne from the application of 18 U.S.C. § 3161and a speedy trial by sealing the entire indictment against him, and then deprived him of the protections under 18 U.S.C. § 3164, assuming the Court accepts that subsection (h)(6) applies at all, by hiding from him the name and conduct so that he could not make any motion to sever. In view of the conduct of the United States here, none of the 101 days can be viewed as "reasonable" and thus Mr. Horne must be released.

Lastly, it is important to emphasize the remedy sought here in relation to the harm caused. Mr. Horne is not seeking a dismissal of the indictment. He is merely seeking his release from continued detention. Mr. Horne is clearly not an overwhelming danger to society, because the United States took several months to arrest Mr. Horne. This is understandable from the view of the United States, in that it wanted to strengthen its case by gathering additional information, but if Mr. Horne was a true threat to society, the Government would have acted immediately. The fact that they did not, is clear that Mr. Horne is not the danger they allege him to be. Moreover, during the time that Mr. Horne was on supervised release, he was accused of serious charges in state court. The Federal Court did not detain him and Mr. Horne did not run despite facing a potential sentence that is equal to or greater than what Mr. Horne faces in Federal Court. Rather, Mr. Horne made all his court appearance and was completely compliant with all requests of his probation officer. Thus, it is clear that Mr. Horne is not a risk of flight. If the case is to be delayed months by the

4

election of the United States,[1] then all Mr. Horne requests is that he be permitted to prepare for trial while on release rather than in custody. This request is not only reasonable, it is what the law demands.


Respectfully submitted,

_____/s/_____
Nicholas J. Vitek #29062
VITEK LAW LLC
Suite 2700
111 South Calvert Street
Baltimore, Maryland 21202
P: (410) 317-8500
F: (410) 317-8511
vitek@viteklaw.com

---

[1] The delay is clearly at the discretion of the United States. The Government could have, but chose not to, unseal the indictment that was relevant to the arrested defendants.  It chose not to, and then now attempts to use that decision as a basis to deny Mr. Horne his rights under 18 U.S.C. § 3164.